**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23569-LEIBOWITZ**

**OMAR ALFREDO IBARRA BALBUENA**,

     *Petitioner,*

*v.*

**UNITED STATES OF AMERICA**,

     *Respondent.*

_____/

## ORDER

**THIS CAUSE** is before this Court upon *pro se* Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2255 (the "Petition"), asking the Court to vacate, set aside, or correct the sentence in *United States v. Omar Alfredo Ibarra Balbuena,* No. 1:24-cr-20005-DSL-2 (S.D. Fla. Sept. 16, 2024), ECF No. 81.  [ECF No. 1].  Respondent argues this Court lacks jurisdiction over the Petition because a Notice of Appeal was filed on September 26, 2024, whereby Petitioner appealed his Final Judgment in his criminal case to the Eleventh Circuit Court of Appeals.  [ECF No. 8 at 2].  The Court agrees with Respondent.

The law is well-settled that, absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.  *See Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1238 (11th Cir. 2024) ("Until this Court decides an appeal and issues the mandate, the district court lacks jurisdiction to rule in the case except on collateral issues or in aid of the appeal."); *see also Blair v. United States*, 527 F. App'x. 838, 839 (11th Cir. 2013) (per curiam) ("In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence.") (citation omitted); *United States v. Khoury*, 901 F.2d

975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending"); *see also Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

"An appeal… divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citation altered). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice. *Blair,* 527 F. App'x at 839 (citing *United States v. Dunham,* 240 F.3d 1328, 1330 (11th Cir. 2001) (vacating order denying § 2255 motion without prejudice to filing a § 2255 motion after disposition of direct appeal)). "Dismissed as such, any subsequent § 2255 motion submitted after the direct appeal is resolved would not be deemed second or successive." *Owusua v. United States*, No. 17-CIV-23301, 2017 WL 11496939, at *1 (S.D. Fla. Sept. 6, 2017), *report and recommendation adopted*, No. 17-CV-23301, 2017 WL 11496940 (S.D. Fla. Oct. 23, 2017).

In this case, Petitioner has not presented any extraordinary circumstances that would allow him to proceed before the Eleventh Circuit has considered and ruled upon his appeal. Thus, this Court lacks jurisdiction over the Petition and it must be dismissed. Petitioner may resubmit his Petition after the Eleventh Circuit has issued its mandate. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a writ of habeas corpus under 28 U.S.C. § 2255 [**ECF No. 1**] is **DISMISSED** *without prejudice* for lack of jurisdiction.

2. The *Clerk* is **DIRECTED** to **CLOSE** this case, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida, on June 11, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record

Omar Alfredo Ibarra Balbuena, *Pro Se*
12374-506
Yazoo City Low II
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194